UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JENO WEISS

          Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.

          Defendant.
-------------------------------------------------------X

DOC # _____

COMPLAINT

11 CV 1369

JUDGE MOTZ

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. ("NCO"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a et seq. ("FDCPA").

2. The FDCPA regulates collection practices and details instructions on laws governing collector communications with consumers. 15 U.S.C. §§1692, 1692c.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because:

    a. Plaintiff resides in this district

    b. Defendant does business within this District.

5. Plaintiff, Jeno Weiss, is an individual who resides in New York.

6. Defendant, NCO, is a foreign business corporation chartered under Pennsylvania law with offices at 507 Prudential Road, Horsham, Pennsylvania 19044.

7. NCO is engaged in business as a collection agency, collecting debts allegedly owed to others.

8. NCO is a debt collector as defined in the FDCPA.

## FACTS

9. On or about March 4th, 2010 NCO received a cease and desist letter from plaintiff with a Label or Receipt Number of **7009 1680 0002 4321 1321** demanding that they no longer contact him regarding his debt.

10. Defendant had sought to collect a debt incurred for personal, family or household purposes, namely a personal credit card account.

11. On or about 10/13/10, NCO left a voice message on the cell phone of plaintiff whose number is 843-251-9759.. An accurate description of the message is as follows: "........a debt and any information obtained will be used for that purpose, please return the call to Mrs. Roberts at 800-477-1827, again that's Miss Roberts at 800-477-1827, thank you, NCO financial systems is a debt collection company, this is an attempt to collect a debt and any information obtained will be used for that purpose, when calling please refer to your id code SAR370, again your id code is SAR370".

12. On or about 10/15/10, NCO left a voice message on the cell phone of plaintiff whose number is 843-251-9759. An accurate description of the message is as follows: ".......this is an important message from NCO financial systems, a debt collection company, this is an attempt to collect a debt and any information obtained will be used for that purpose, please return the call to Miss Roberts at 800-728-3346 again that's Mrs. Roberts at 800-728-3346, thank you, NCO financial systems is a debt collection company, this is an attempt to collect a debt and any information received will be used for that purpose".

## VIOLATIONS ALLEGED

13. Plaintiff repeats and realleges the allegations contained in all of the paragraphs above as though fully set forth herein.

14. <u>Exhibit A</u> violates 15 U.S.C. §1692 and §1692c.

15. Section 1692c entitled **Communication in Connection with Debt Collection** provides:

**(c) Ceasing communication**

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

16. NCO violated the above provision of the FDCPA because it failed to cease further communication after it had received the cease and desist letter from the plaintiff.

17. By reason of such violation plaintiff is entitled to statutory damages in accordance with § 1692k(a).

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and against the defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: New York, New York
February 28, 2010

THE PLAINTIFF

By: _____
Shimshon Wexler (SW-0770)

The Law Offices of Shimshon Wexler, P.C.
2710 Broadway, 2Fl.
New York, NY 10025
Tel:(212) 760-2400
Fax: (917) 512-6132
swexler@collectorabuselaw.com

### NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Shimshon Wexler